# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

WILLIAM HAVERLAND,
     Petitioner,

     vs.

WARDEN, CHILLICOTHE
CORRECTIONAL INSTITUTION,
     Respondent.

Civil Action No. 1:09-cv-520

Dlott, J.
Hogan, M.J.

**REPORT AND
RECOMMENDATION**

Petitioner, a state prisoner, brings this case through counsel seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  This matter is before the Court on the petition (Doc. 1), respondent's return of writ and exhibits thereto (Doc. 8), and petitioner's traverse brief. (Doc. 9).

## I. PROCEDURAL HISTORY

Petitioner was indicted on three counts of sexual battery and three counts of unlawful sexual contact with a minor based on different incidents on three separate dates with one victim. Following a jury trial, petitioner was convicted on two counts of unlawful sexual conduct with a minor and two counts of sexual battery.

At his sentencing hearing, the trial judge sentenced petitioner to a maximum of five years imprisonment on merged counts 1 and 2 and to a maximum of five years imprisonment on merged counts 3 and 4, to be served consecutively for a total of ten years imprisonment. (Doc. 10, Exh. 38, Feb. 4, 2005, Tr. 642-646).  Before the sentencing entry was journalized, however, a decision issued by the First District Ohio Court of Appeals prohibiting the imposition of maximum sentences under the circumstances of petitioner's case mandated the resentencing of petitioner by the trial court. The trial court held a second hearing light of the intervening state appellate court's ruling and resentenced petitioner to consecutive, non-minimum prison terms of four years for each on the two

merged counts for a total of eight years imprisonment. (Doc. 10, Exh. 38, Feb. 10, 2005, Tr. 666-668).

Petitioner, through counsel, timely appealed his conviction and sentence to the First District Ohio Court of Appeals. The Ohio Court of Appeals affirmed petitioner's conviction and sentence. (Doc. 10, Exhs. 20-24).

Petitioner timely appealed his conviction and sentence to the Ohio Supreme Court. The Ohio Supreme Court accepted the appeal as to the sentencing issues only, vacated petitioner's sentence, and remanded the case for resentencing under *State v. Foster,* 109 Ohio St.3d 1, 845 N.E.2d 470 (2006). (Doc. 10, Exh. 28).

On January 18, 2007, the trial court resentenced petitioner to five years imprisonment on each count, to be served consecutively, for a total sentence of ten years. (Doc. 10, Exh. 29).

Through counsel, petitioner filed a timely appeal with the Ohio Court of Appeals alleging that the harsher sentence was the product of judicial vindictiveness, violated due process, and was prohibited by the constitutional ban on ex post facto and retroactive laws. The Ohio Court of Appeals overruled petitioner's assignments of error and affirmed the judgment of the trial court. (Doc. 10, Exh. 33).

Petitioner's appeal to the Supreme Court of Ohio was dismissed as not involving any substantial constitutional question. (Doc. 10, Exhs. 34-37).

Petitioner filed the instant petition for a writ of habeas corpus setting forth the following ground for relief:

> **GROUND ONE:** Petitioner's right to due process of law, as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution, was violated when he was subjected to a harsher sentence upon resentencing, after a successful appeal.

2

**Supporting FACTS:** Petitioner William Haverland was indicted on three counts of sexual battery and three counts of unlawful sexual conduct with a minor. A jury found Mr. Haverland guilty of two counts of sexual battery and two counts of unlawful sexual conduct with a minor. Upon his conviction for these offenses, the trial court sentenced Mr. Haverland to an aggregate sentence of eight years.

Mr. Haverland filed a timely appeal, and the state court of appeals ultimately affirmed his conviction and sentence. Mr. Haverland then appealed to the Ohio Supreme Court, who accepted his appeal on sentencing grounds only. Subsequently, the Ohio Supreme Court remanded his case to the trial court for a resentencing hearing consistent with *State v. Foster*, 845 N.E.2d 470 (Ohio Sup. Ct. 2006).

Mr. Haverland was resentenced to a total of ten years in prison, a two-year increase from his original sentence. There was no new information presented at Mr. Haverland's second sentencing hearing concerning either Haverland or his offenses, yet the trial court imposed a maximum and consecutive term on Haverland. The increased sentence suggests vindictiveness towards Mr. Haverland for prosecuting a successful appeal, which resulted in a remand to the trial court for a resentencing hearing. Such action violates fundamental due process and is contrary to *North Carolina v. Pearce*, 395 U.S. 711 (1969) and *Texas v. McCullough*, 475 U.S. 134 (1986).

**GROUND TWO:** The remedy that the Ohio Supreme Court set forth in *State v. Foster*, 109 Ohio St.3d 1, 845 N.E.2d 470 (Ohio Sup. Ct. 2006) violates the Ex Post Facto and Due Process Clauses of the United States Constitution.

**Supporting FACTS:** On February 27, 2006, the Ohio Supreme Court found portions of Ohio's sentencing statutes to be unconstitutional. In order to remedy the constitutional violations, the court severed the portions of the statutes that were declared to be unconstitutional. Ohio Revised Code Sections 2929.14(B) and 2929.14(E)(4) were among the sections that were determined to be unconstitutional and therefore severed. *State v. Foster*, 109 Ohio St.3d 1, 845 N.E.2d 470 (Ohio Sup. Ct. 2006).

Revised Code Section 2929.14(B) previously stated that a minimum sentence must have been imposed unless a finding was made that the defendant previously served a prison term or that "the shortest prison term w[ould] demean the seriousness of the offender's conduct or w[ould] not adequately protect the public from future crime by the offender or others." Ohio Rev. Code Ann. §2929.14(B). With some exceptions not relevant to this case, a maximum sentence was permitted to be imposed only when the trial court found that the defendant committed the worst form of the offense, or that he or she posed the greatest likelihood of committing future crimes. Ohio Rev. Code Ann. §2929.14(C).

3

In accordance with its decision in *State v. Foster*, the Ohio Supreme Court reversed and remanded Mr. Haverland's case for re-sentencing. The trial court re-sentenced Mr. Haverland to maximum 5-year sentences and ordered that the sentences be served consecutively. However, during Mr. Haverland's re-sentencing hearing, the trial court was required to sentence him under the Senate Bill 2 provisions that were in effect at the time of his purported crimes. Therefore, any sentence imposed on re-sentencing that included maximum prison terms violated the Due Process Clause of the United States Constitution.

(Doc. 1).

## II. STANDARD OF REVIEW

On federal habeas review, the factual findings of the state appellate court are entitled to a presumption of correctness in the absence of clear and convincing evidence to the contrary. 28 U.S.C. § 2254(e)(1). *See McAdoo v. Elo*, 365 F.3d 487, 493-94 (6th Cir. 2004); *Mitzel v. Tate*, 267 F.3d 524, 530 (6th Cir. 2001). This Court is bound by the state court adjudications unless those decisions are contrary to or an unreasonable application of clearly established federal law. *Franklin v. Francis*, 144 F.3d 429, 433 (6th Cir. 1998).

Under the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104- 132, 110 Stat. 1214 ("AEDPA"), a writ of habeas corpus may not issue with respect to any claim adjudicated on the merits in state court unless the adjudication either:

1. resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

2. resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). A legal principle is "clearly established" for purposes of habeas corpus review "only when it is embodied in a holding of [the Supreme] Court." *Thaler v. Haynes*, 130 S. Ct. 1171, 1173 (2010). "[A] federal habeas court reviewing the state-court judgment must apply the law that

4

controlled "at the time his state-court conviction became final." *Miller v. Stovall*, 608 F.3d 913,

919 (6th Cir. 2010) (quoting *Williams v. Taylor,* 529 U.S. 362, 390 (2000)).

> The phrases "contrary to" and "unreasonable application" have independent meanings:
>
> A federal habeas court may issue the writ under the 'contrary to' clause if the state court applies a rule different from the law set forth in . . . [Supreme Court] cases, or if it decides a case differently than we have done on a set of materially indistinguishable facts. The court may grant relief under the 'unreasonable application' clause if the state court correctly identifies the governing legal principle from . . . [the Supreme Court's] decisions but unreasonably applies it to the facts of a particular case. The focus on the latter inquiry is whether the state court's application of clearly established federal law is objectively unreasonable . . . and an unreasonable application is different from an incorrect one.

*Bell v. Cone*, 535 U.S. 685, 694 (2002)(citation omitted).

If a state court does not articulate the reasoning behind its decision or fails to adjudicate the

constitutional issues, the AEDPA deferential standard of review set forth in section 2254(d) is

inapplicable. *See Wiggins v. Smith,* 539 U.S. 510, 534 (2003); *Towns v. Smith*, 395 F.3d 251, 257

(6th Cir. 2005); *see also Miller v. Stovall*, 608 F.3d at 919 ("When the state court does not address

the merits of a claim, AEDPA deference does not apply and a federal court reviews the petitioner's

legal claim de novo."); *Clinkscale v. Carter*, 375 F.3d 430, 436 (6th Cir. 2004) (citing *Maples v.

Stegall*, 340 F.3d 433, 436 (6th Cir. 2003) ("Where as here, the state court did not assess the merits

of a claim properly raised in a habeas petition, the deference due under AEDPA does not apply.")).

Under these circumstances, the constitutional claim is reviewed *de novo* and the Court considers

"the totality of the evidence-'both that adduced at trial, *and the evidence adduced in the habeas

proceeding[s].*'" *Wiggins,* 539 U.S. at 536 (emphasis in the original) (quoting *Williams v. Taylor,*

529 U.S. 362, 397-98 (2000)). *Accord Clinkscale*, 375 F.3d at 436.

**III. THE SEVERANCE REMEDY THAT THE OHIO SUPREME COURT SET FORTH IN** *STATE V. FOSTER***, 109 OHIO ST.3d 1 (2006), DOES NOT VIOLATE THE EX POST FACTO DOCTRINE OR THE DUE PROCESS CLAUSE OF THE UNITED STATES CONSTITUTION.**

Ground Two of the petition asserts that the ten-year sentence imposed on petitioner after resentencing violates his constitutional rights. The sexual battery and unlawful sexual contact with a minor offenses on which petitioner was convicted occurred in 2003. Petitioner was resentenced on these convictions in 2007 under Ohio's sentencing statute as modified by the Supreme Court of Ohio's decision in *State v. Foster*, 109 Ohio St.3d 1, 845 N.E.2d 470, *cert. denied,* 127 S.Ct. 442 (2006). Petitioner contends that application of the *Foster* remedy to his resentencing violates ex post facto principles and due process. He asserts that the prior statutory presumptions in favor of minimum, concurrent terms were eliminated by *Foster* to the detriment of individuals committing offenses pre-*Foster*. He also alleges that *Foster* allows the imposition of greater penalties than were permissible under the original pre-*Foster* sentencing statute. For the reasons that follow, the undersigned disagrees and recommends Ground Two of the petition be denied.

In *State v. Foster*, the Supreme Court of Ohio held that several provisions of Ohio's felony sentencing statute were unconstitutional pursuant to the United States Supreme Court's decision in *Blakely v. Washington*, 542 U.S. 296 (2004). In *Blakely,* the Supreme Court determined that an enhanced sentence imposed by a judge under a state's sentencing statute, which was based on facts neither admitted by the defendant nor found by a jury, violated the Sixth Amendment right to trial by jury under the United States Constitution. The Supreme Court in *Blakely* reaffirmed its holding in *Apprendi v. New Jersey*, 530 U.S. 466 (2000): "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Blakely,* 542 U.S. at 301 (quoting *Apprendi*, 530

6

U.S. at 490).  Importantly, the *Blakely* Court clarified that "the 'statutory maximum' . . . is the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant.*" *Id.* at 303 (emphasis in the original).  "In other words, the relevant 'statutory maximum' is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose *without* any additional findings." *Id.* at 303-304.

The reasoning of *Blakely* was extended by the Supreme Court to the United States Sentencing Guidelines in *United States v. Booker*, 543 U.S. 220 (2005), which held that the Sixth Amendment as construed in *Blakely* applied to the Federal Sentencing guidelines and thus any fact (other than a prior conviction) that increases a defendant's sentence beyond the statutory maximum must be presented to a jury and proved beyond a reasonable doubt.  *See Booker*, 543 U.S. at 244. The *Booker* Court held that the Sentencing Guidelines were unconstitutional insofar as they mandated that a defendant's sentence be increased based on facts not found by the jury beyond a reasonable doubt.  *Id.* at 243-44.  To remedy the Sixth Amendment violation, the Supreme Court severed two sections of the Sentencing Reform Act, effectively making the Sentencing Guidelines advisory.  *See id.* at 244-264 (severing and excising 18 U.S.C. § 3553(b)(1) & § 3742(e)).

On February 27, 2006, the Supreme Court of Ohio in *State v. Foster,* 109 Ohio St.3d 1, 845 N.E.2d 470 (2006), held that certain provisions of Ohio's sentencing statute were unconstitutional under *Blakely* because they mandated additional judicial fact-finding before the imposition of (1) more than the minimum term for those who have never served a prison term; (2) the maximum prison term; (3) consecutive prison terms; and (4) repeat-violent-offender and major-drug-offender penalty enhancements. *See id.* at 19-25, 845 N.E.2d at 490-94.  Noting that the "overriding goals of Ohio's sentencing scheme are to protect the public and punish the offender," and that the Ohio

7

legislature "delegated the role of determining the applicability of sentencing factors to judges rather than to juries to meet these overriding goals," the Supreme Court of Ohio determined as in *Booker* that the proper remedy was to sever the *Blakely*-offending portions of the statutes and grant trial courts "full discretion to impose a prison sentence within the statutory range" without having to make findings or give reasons for imposing maximum, consecutive, or more than minimum sentences. *Id.* at 25-30, 845 N.E.2d at 494-98. Following the severance of the unconstitutional portions, the resulting Ohio sentencing statutes eliminated the presumptions in favor of minimum and concurrent sentences and permitted courts to sentence a defendant to any term within a crime's sentencing range or to consecutive sentences without making findings of fact.

When petitioner was indicted in 2003, Ohio's sentencing statute, Ohio Rev. Code § 2929.14(B), required a judicial finding "that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others" to justify the imposition of more than the minimum sentence. Under Ohio Rev. Code § 2929.14(C), the maximum prison term could be imposed upon offenders who, inter alia, "committed the worst forms of the offense" or "pose the greatest likelihood of committing future crimes." The statute also permitted the imposition of consecutive sentences if "necessary to protect the public from future crime or to punish the offender" as long as additional findings enumerated in the statute were met. *See* Ohio Rev. Code § 2929.14(E)(4).

When petitioner was resentenced in 2007 under the new *Foster* sentencing scheme, the trial judge had full discretion to impose any prison sentence within the statutory range for any reason or no reason, without having to make findings for imposing more than minimum, maximum, or consecutive sentences on petitioner. *Foster,* 109 Ohio St.3d at 25-30, 845 N.E.2d at 494-98; *see*

8

*also Minor v. Wilson,* 213 Fed. Appx. 450, 453 n.1 (6th Cir. 2007). The State was under no burden "to prove *anything* before the court could select any sentence within the appropriate sentencing range." *Wentling v. Moore*, No. 3:07cv3089, 2008 WL 2778510, at *8 (N.D. Ohio July 14, 2008) (emphasis in the original).

Petitioner's felony three convictions for sexual battery and unlawful sexual contact with a minor subjected him to a sentence between one and five years on each count. *See* Ohio Rev. Code § 2929.14(A)(3). Petitioner was sentenced to the maximum term of imprisonment of five years on each of the merged counts, to be served consecutively, for a total of ten years imprisonment. Thus, the trial judge's sentence on each offense was within the statutory range, did not exceed the maximum sentence permitted by the range, and therefore did not violate *Blakely*.

Petitioner nonetheless argues that the application of the *Foster* sentencing scheme had an impermissible *ex post facto* effect on his sentence. As explained above, pursuant to *Foster*, the sentencing court may impose non-minimum, maximum, and consecutive terms of imprisonment in its discretion without making any findings of fact. 109 Ohio St.3d at 30, 845 N.E.2d 498. Petitioner contends that since the indictment was issued in 2003, prior to the *Foster* decision, he was entitled to be sentenced under the pre-*Foster* sentencing scheme in existence at the time he committed his offenses in 2003 which, under *Blakely*, meant there was a presumption that petitioner would receive non-maximum, concurrent terms of imprisonment unless a judge made the findings required by statute. Petitioner argues that the *Foster* severance remedy resulted in the impermissible increase of his sentence from the presumptive non-maximum, concurrent sentence without the trial court having to make any findings on the record as had been required under Ohio Rev. Code § 2929.14(C) and (E)(4) and constitutes the infliction of a greater punishment than the law allowed

9

for the offenses when they were committed.

Under the Ex Post Facto Clause of the United States Constitution, a state is prohibited from passing a law that (1) " makes an action done before the passing of the law, and which was innocent when done, criminal;" (2) "aggravates a crime, or makes it greater than it was, when committed;" (3) "changes the punishment, and inflicts a greater punishment, than the law annexed to the crime, when committed;" and (4) "alters the legal rules of evidence, and receives less, or different, testimony, than the law required at the time of the commission of the offense, in order to convict the offender." *Rogers v. Tennessee,* 532 U.S. 451, 456 (2001) (quoting *Calder v. Bull,* 3 U.S. 386, 390 (1798) (Chase, J.)); *see also* U.S. Constit. Art. I, § 10. Ex Post Facto Clause concerns are not triggered in the case-at-hand because the clause "does not of its own force apply to the Judicial Branch of government." *Hooks v. Sheets,* 603 F.3d 316, 321 (6th Cir. 2010) (internal quotation marks and citation omitted); *see also Rogers,* 532 U.S. at 456, 460 (refusing to extend the strictures of the Ex Post Facto Clause to judicial decisions "through the rubric of due process").

Nevertheless, the Fourteenth Amendment's Due Process Clause does limit *ex post facto* judicial decision-making. *Rogers,* 532 U.S. at 456. Although the Due Process Clause does not incorporate the specific prohibitions of the Ex Post Facto Clause, retroactive judicial decision-making must comport with "core due process concepts of notice, foreseeability, and, in particular, the right to fair warning as those concepts bear on the constitutionality of attaching criminal penalties to what previously had been innocent conduct." *Id.* at 459 (citing *Bouie v. City of Columbia,* 378 U.S. 347, 351, 352, 354-55 (1964)); *see also Hooks,* 603 F.3d at 321.

Here, petitioner is unable to prevail on any claim that he lacked sufficient notice or "fair warning" because *Blakely, Booker,* and *Foster* did not change the elements necessary to convict

10

petitioner of the sexual battery and unlawful sexual contact with a minor charges, and petitioner was aware of the potential penalties he faced on such charges both before and after *Foster*. In 2003, when petitioner's crimes were committed, the then-applicable provisions of Ohio's sentencing statute provided sufficient notice to petitioner that the trial court had discretion to impose non-minimum, maximum, and consecutive sentences as long as the court made certain findings consistent with Ohio Rev. Code § 2929.14(B), (C), and (E)(4). In other words, petitioner was on notice that he faced somewhere between one and five years for the commission of a third degree felony and that those sentences could run consecutively so long as the sentencing judge made the requisite findings. Similarly, post-*Foster*, petitioner knew that the trial court retained the discretion to impose consecutive sentences within the statutory range of one to five years on the sexual battery offense and on the unlawful sexual contact with a minor offense. Therefore, both before and after *Foster*, petitioner was on notice and thus had "fair warning" of the potential penalties he faced and of the trial court's discretion to impose those penalties.

Petitioner cannot prevail on any claim that application of the *Foster* remedy on his resentencing violated federal constitutional ex post facto principles. This argument and its various permutations have been thoroughly discussed and universally rejected by the federal and state courts in Ohio. *See Wright v. Lazaroff*, 643 F. Supp.2d 971, 1003-1005 (S.D. Ohio 2009) (Barrett, J.; Hogan, M.J.) (and cases cited and quoted therein); *Smith v. Brunsman*, 626 F. Supp.2d 786, 793-795 (S.D. Ohio 2009) (Barrett, J.; Black, M.J.); *Kelley v. Brunsman*, 625 F. Supp.2d 586, 606-608 (S.D. Ohio 2009) (Spiegel, J.; Hogan, M.J.). [1] *See also Hooks v. Sheets*, No. 1:07cv520, 2008 WL

---

[1] *See also Sieng v. Wolfe*, No. 2:08cv44, 2010 WL 2232384, at *15 (S.D. Ohio June 2, 2010) (Watson, J.) (unpublished) (and cases cited therein); *Ashley v. Gansheimer*, No. 1:08cv2556, 2010 WL 1924459, at *3-5 (N.D. Ohio May 12, 2010) (O'Malley, J.) (unpublished) (and cases cited therein); *Hatfield v. Warden, Ross Corr. Inst.*, No.

4533693, at *3-5, *13-19 (S.D. Ohio Oct. 3, 2008) (Beckwith, J.; Hogan, M.J.) (unpublished) (and

cases cited therein), *aff'd*, 603 F.3d 316 (6th Cir. 2010); *State v. Elmore*, 122 Ohio St.3d 472, 473,

912 N.E.2d 582, 584 (2009) (and cases cited therein) (resentencing pursuant to *Foster* for offenses

that occurred prior to *Foster* does not violate Sixth Amendment right to jury trial or Ex Post Facto

or Due Process Clauses of United States Constitution).

The same reasoning contained in these decisions rejecting *ex post facto* challenges to *Foster*

applies to the case-at-hand. *Foster* did not change the elements of the crimes of which petitioner

was convicted and petitioner had fair warning that he faced the same penalty ranges in the sentences

for those offenses both before *Foster* (when he committed the offenses) and after *Foster*. *Cf.*

*McGhee v. Konteh,* No. 1:07cv1408, 2008 WL 320763, at *11 (N.D. Ohio Feb. 1, 2008)

(unpublished). *See also Garrett v. Warden*, No. 3:09-cv-058, 2009 WL 1416047, at *4 (S.D. Ohio

May 19, 2009) (Merz, M.J.) (holding petitioner has no "reliance interest" in pre-*Foster* sentencing

---

2:08cv1152, 2010 WL 2196282, at *8 (S.D. Ohio May 3, 2010) (unpublished Report & Recommendation) (and
cases cited therein), *adopted,* 2010 WL 2196273 (S.D. Ohio May 28, 2010) (Holschuh, J.) (unpublished); *Rettig v.
Jefferys,* 557 F. Supp.2d 830, 841 (N.D. Ohio 2008) (Polster, J.; McHargh, M.J.) (citing Ohio cases "uniformly
reject[ing] *ex post facto* challenges to the *Foster* decision"); *Smith v. Welch,* No. 3:08cv2917, 2009 WL 2167863, at
*1-3, *13-16 (N.D. Ohio July 17, 2009) (Economus, J.; Vecchiarelli, M.J.) (unpublished); *Schaub v. Brunsman,* No.
1:08cv2522, 2009 WL 2143746 (N.D. Ohio July 16, 2009) (Boyko, J.; Perelman, M.J.) (unpublished); *Mason v.
Brunsman,* No. 1:07cv1020, 2009 WL 2169035, at *8-9, *34-37 (S.D. Ohio July 16, 2009) (Spiegel, S.J.; Black,
M.J.) (unpublished); *Clagg v. Wolfe,* No. 2:08cv144, 2009 WL 1424427, at *1-6 (S.D. Ohio May 20, 2009) (Sargus,
J.) (unpublished); *Pena v. Cooper,* No. 2:08cv195, 2009 WL 1324046, at *1, *16-19 (S.D. Ohio May 12, 2009)
(Smith, J.; Abel, M.J.) (unpublished); *Newman v. Wilson,* No. 5:08cv483, 2009 WL 1212262, at *1, *11-12 (N.D.
Ohio Apr. 30, 2009) (Oliver, J.; Perelman, M.J.) (unpublished) (and cases cited therein); *Trewartha v. Brunsman,*
No. 2:07cv981, 2009 WL 614963, at *1, *10-13 (S.D. Ohio Mar. 5, 2009) (Holschuh, J.; Abel, M.J.) (unpublished);
*Haning v. Wolfe,* No. 2:07cv1093, 2009 WL 541156, at *1, *3-5 (S.D. Ohio Feb. 27, 2009) (Watson, J.; Abel, M.J.)
(unpublished) (and cases cited therein). *Cf. Turner v. Warden, Noble Corr. Inst.,* No. 1:08cv309, 2009 WL 866841,
at *2, *9 (S.D. Ohio Mar. 31, 2009) (Spiegel, S.J.; Black, M.J.) (unpublished) (although the court held that *Foster*
did not apply to the petitioner's sentence, it noted that "both the federal courts and Ohio courts have rejected *ex post
facto* challenges to the *Foster* decision"); *Collins v. Warden, Chillicothe Corr. Inst.*, No. 3:06cv256, 2008 WL
728390, at *1, *8-9 (S.D. Ohio Mar. 17, 2008) (Rice, J.; Merz, M.J.) (unpublished) (holding that "[w]hile
Petitioner's original sentence violated *Blakely,* his new sentence [under the *Booker* remedy adopted in *Foster*] did
not," and that "[n]othing in the United States Constitution calls such a sentence into question").

law).[2]  Thus, petitioner was not deprived of his due process rights when the trial court resentenced him to maximum and consecutive sentences.

Petitioner also argues that application of the *Foster* remedy to impose consecutive sentences at resentencing violated his due process rights in light of the Supreme Court's decision in *Oregon v. Ice*, 129 S.Ct. 711 (2009).  In *Ice*, the Supreme Court held that judicial fact-finding resulting in the imposition of consecutive sentences does not violate the Sixth Amendment "in light of historical practice and the authority of States over administration of their criminal justice systems." *Id*. at 714-15.  Petitioner contends that *Foster* severed a constitutional presumption of concurrent sentencing and that he was disadvantaged by the severance. (Doc. 16 at 17).

Although in hindsight it appears that the provision in Ohio's pre-*Foster* sentencing statute pertaining to consecutive sentencing determinations would now be found to pass constitutional muster under the Sixth Amendment under *Ice*, it does not follow that the imposition of consecutive sentences under the post-*Foster* statutory scheme violates due process and ex post facto principles as suggested by petitioner.  Foreseeability of the penalty is the key.  As recently explained by the Sixth Circuit in *Hooks v. Sheets,* 603 F.3d 316, 321 (6th Cir. 2010):

> At the time Hooks committed his crimes, Ohio permitted the court to impose consecutive rather than concurrent sentences if it found particular facts, *see* ORC § 2929.14(E)(4), and explained its "reasons for imposing the consecutive sentences," ORC § 2929.19(B)(2)(c).  The Ohio Supreme Court nevertheless determined that these statutory provisions violated *Blakely* because they allowed the imposition of longer sentences-consecutive sentences-based upon judicial factfinding. *Foster,* 845 N.E.2d at 491.

---

[2]*Miller v. Florida,* 482 U.S. 423 (1987), relied on by petitioner, is inapposite because that case involved revisions in the state's sentencing guidelines that increased the defendant's presumptive sentence range. *See Miller,* 482 U.S. at 427, 432-33.  In contrast, *Foster* did not effect any change in the penalty that petitioner faced.  As noted by the *Garrett* Court, "[T]he revised sentencing guidelines in *Miller* were a legislative act, not a judicial act" thus triggering "the more expansive protections against retroactivity of the *Ex Post Facto* Clause, rather than the more limited due process protections." *Garrett,* 2009 WL 1416047, at *4.

> Regardless of the court's determination in *Foster,* the maximum sentence to which
> Hooks was constitutionally subject contemplated consecutive sentences. Hooks
> would have the court calculate his maximum sentence as being imposed concurrently
> based solely on the facts found by a jury at the time of sentencing, because he argues
> that this calculation is mandated by *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct.
> 2348, 147 L.Ed.2d 435 (2000). However, *Apprendi* does not limit the calculation of
> Hooks's potential sentence to concurrent sentences when the judicial fact-finding
> here is allowed under *Ice.* Thus, Hooks was initially and constitutionally subject to
> consecutive sentences according to the "guided discretion" of the court. *See Foster,*
> 845 N.E.2d at 495. Moreover, Hooks was always aware of the potential for
> consecutive sentences. On re-sentencing post- *Foster* he remained subject to
> consecutive sentences within the discretion of the court. Since Hooks was *always*
> subject to consecutive rather than concurrent sentences in the discretion of the trial
> court, his re-sentencing under *Foster* did not raise ex post facto or due process
> concerns.

603 F.3d at 321 (emphasis in original).

Similarly, when petitioner was resentenced in 2007 to consecutive terms of imprisonment,

petitioner knew that the trial court retained the discretion to impose consecutive sentences for

multiple offenses. Both before and after *Foster,* petitioner was on notice and thus had "fair

warning" of the potential penalties he faced and of the trial court's discretion to impose those

penalties. Therefore, the imposition of consecutive terms of imprisonment on resentencing did not

violate petitioner's due process rights.

Petitioner also challenges the severance remedy in *Foster* as not analogous to that in *Booker*.

In *Booker,* only a limited portion of the federal sentencing statute was severed while maintaining

significant parts of the statute to effect Congressional intent. *Booker* also preserved appellate

review of the reasonableness of the sentence. Petitioner contends that in contrast, the *Foster*

remedy severed large portions of Ohio's sentencing statutes thereby eliminating the legislative goals

of uniformity and proportionality in Ohio's sentencing scheme, as well as the ability of an appellate

court to effectively review a sentence. (Doc. 16 at 18-19).

Case: 1:09-cv-00520-SJD Doc #: 17 Filed: 08/17/10 Page: 15 of 25  PAGEID #: 1124

While the severance schemes in *Booker* and *Foster* are not identical, the *Foster* scheme does not violate the constitution. In rejecting this same argument, the district court in *Smathers v. Duffy*, No. 3:09cv160, 2009 WL 3698414 (N.D. Ohio Nov. 2, 2009) reasoned:

> First, the Ohio Supreme Court determined that the remedy fashioned in *Foster* preserved the intent of the Ohio legislature. *Foster,* 109 Ohio St.3d at 26, 28-30, 845 N.E.2d at 494-95, 497-99. This is a matter of state law, and this court is without authority to find that the Ohio Supreme Court erred in its statement of Ohio law. Second, there is no federal constitutional right to an appeal. *Abney v. United States,* 431 U.S. 651 (1977); *Hollin v. Sowders,* 710 F.2d 264, 267 (6th Cir. 1983); *Horton v. Bomar,* 335 F.2d 583, 584 (6th Cir. 1964). Even if an appeal were entirely foreclosed by the decision in *Foster,* this would not necessarily offend the United States Constitution. [Petitioner] cites no holding of the Supreme Court that such a result is, in fact, unconstitutional. As [petitioner] does not demonstrate that her sentence is contrary to a holding of the United States Supreme Court, she does not demonstrate that she is entitled to habeas relief.

*Smathers,* 2009 WL 3698414, at * 11 (N.D. Ohio 2010). *See also Schweitzer v. Williams,* 695 F. Supp.2d 646, 660-64 (N.D. Ohio 2010); *Garrett*, 2009 WL 1416047, at *5. *In accord Torres v. Beightler*, No. 1:09cv191, 2009 WL 2705880, at *10 (N.D. Ohio Aug. 27, 2009). Therefore, despite any dissimilarities between the *Booker* and *Foster* severance remedies, petitioner has failed to establish that such differences violate his federal constitutional rights.

For the foregoing reasons, Ground Two of the petition is without merit and should be denied.

## IV. PETITIONER IS NOT ENTITLED TO RELIEF BASED ON HIS CLAIM OF VINDICTIVENESS IN RESENTENCING AS ALLEGED IN GROUND ONE OF THE PETITION.

Ground One of the petition alleges that petitioner's right to due process was violated when the trial court vindictively imposed an additional two years to his existing eight-year sentence on re-sentencing. Petitioner raised this claim of constitutional error on appeal from the resentencing

15

decision to both the Ohio Court of Appeals and Supreme Court of Ohio.

The Ohio Court of Appeals was the only state court to issue a reasoned opinion rejecting the

assignment of error. The court ruled in pertinent part:

> Defendant-appellant William Haverland was charged with three counts of sexual battery and three counts of unlawful sexual contact with a minor, all third-degree felonies. His nephew was the victim. Haverland was found guilty of two counts of sexual battery and two counts of unlawful sexual contact with a minor. At the original sentencing hearing, the trial court stated that it was going to impose five years' incarceration on each count, the maximum sentence for a third-degree felony. The sentences on counts one and two were to be served concurrently, but were made consecutive to the concurrent sentences imposed on counts three and four. The total aggregate sentence was to be ten years' incarceration.
>
> Before the sentencing entry was journalized, this court decided *State v. Bruce* ("*Bruce I*"), [159 Ohio App.3d 562, 824 N.E.2d 609 (2005)] which precluded maximum sentences in this case.[3] The trial court held a second sentencing hearing and reduced the sentence on each count to four years, for an aggregate term of eight years incarceration. The court stated that had it not been for *Bruce I* it would have imposed maximum sentences. Haverland's convictions were affirmed on appeal. Haverland appealed to the Ohio Supreme Court, which reversed the sentence and specifically remanded the case to the trial court for resentencing pursuant to *State v. Foster* [109 Ohio St.3d 1, 845 N.E.2d 740 (2006)]. The trial court held another sentencing hearing and sentenced Haverland to an aggregate term of ten years' incarceration, imposing the maximum sentence on each count. Haverland has appealed.
>
> Haverland's first assignment of error alleges, pursuant to *North Carolina v. Pearce*, [395 U.S. 711 (1969)] that the trial court erred in imposing a more severe sentence after the appeal because the increased sentence created a presumption of vindictiveness that was not overcome.
>
> A defendant's due-process rights are violated when after a successful appeal, a harsher sentence is imposed as a result of the trial court's vindictiveness. [*Id.*] Increased sentences on remand are not prohibited unless the increase is motivated by actual vindictiveness against the defendant as punishment for exercising his constitutionally guaranteed rights. [Fn. 6: See *Wasman v. United States* (1984), 468

---

[3]In *Bruce I,* the Ohio Court of Appeals held that the Ohio statute governing the imposition of maximum sentences was unconstitutional under *Blakely* to the extent it permitted a court based on judge-found facts to impose a sentence that exceeded the maximum term supported by the jury's verdict or the facts admitted by the defendant.

U.S. 559, 104 S.Ct. 3217.] Unless there is a "reasonable likelihood" that an increased sentence was the result of vindictiveness, the burden is on the defendant to show actual vindictiveness. [Fn. 7: See *Alabama v. Smith* (1989), 490 U.S. 794, 109 S.Ct. 2201.]

Several Ohio appellate courts have expressed reluctance to apply the traditional *Pearce* analysis to resentencing under *Foster*. This is especially true where it is either apparent or can be readily assumed that the original sentence was the result of a constraint imposed by a statutory scheme that the Ohio Supreme Court subsequently determined to be unconstitutional and void. Further, the Ohio Supreme Court expressly stated in *Foster* that during resentencing "[w]hile defendants may argue for reductions in their sentences, nothing prevents the state from seeking greater penalties." [Fn. 10: See *State v. Foster, supra,* at ¶105, citing *United States v. DiFrancesco* (1980), 449 U.S. 117, 101 S.Ct. 426.]

When imposing Haverland's original sentence, the trial court made it clear that it considered the maximum sentences to be appropriate, but that it was constrained by our decision in *Bruce I* from imposing those sentences. Upon remand for resentencing under *Foster*, the court again stated that it considered maximum sentences to be the appropriate punishment.

We hold that the record is sufficient to dispel any "reasonable likelihood of vindictiveness" and that Haverland has not demonstrated that his sentences resulted from actual vindictiveness. The first assignment of error is overruled.

(Doc. 10, Exh. 33 at 1-3).

It is well-settled that courts are prohibited from exercising their sentencing discretion for the purpose of punishing a defendant who has pursued a successful appeal. *Alabama v. Smith,* 490 U.S. 794, 798 (1989) (citing *North Carolina v. Pearce,* 395 U.S. 711, 723-25 (1969)). "Due process of law . . . requires that vindictiveness against a defendant for having successfully attacked his first conviction must play no part in the sentence he receives after a new trial." *Pearce,* 395 U.S. at 725. This principle applies to re-sentencing after a sentence is vacated on appeal, as well as to re-sentencing after retrial. *See United States v. DiFrancesco,* 449 U.S. 117, 135-36 (1980); *see also United States v. Jackson,* 181 F.3d 740, 744 (6th Cir. 1999); *Gauntlett v. Kelley,* 849 F.2d 213, 217

(6th Cir. 1988).

In *Pearce,* 395 U.S. at 726, the Supreme Court held that "[i]n order to ensure the absence of such a motivation, . . . whenever a judge imposes a more severe sentence upon a defendant after a new trial, the reasons for him doing so must affirmatively appear." Otherwise, a "presumption of vindictiveness" arises, which may be rebutted only by "objective information in the record justifying the increased sentence." *Texas v. McCullough,* 475 U.S. 134, 142 (1986) (quoting *United States v. Goodwin*, 457 U.S. 368, 374 (1982)).

Petitioner contends that the *Pearce* presumption of vindictiveness applies in this case because petitioner received a harsher sentence on resentencing. Petitioner argues that the record reflects no evidence of conduct on the part of petitioner occurring subsequent to his original sentence that would justify a higher sentence in his case. Petitioner asserts that to ensure the absence of a vindictive motivation, the reasons for the increased sentence "must be based upon objective information *concerning identifiable conduct on the part of the defendant occurring after the time of the original sentencing proceeding*." *Pearce*, 395 U.S. at 726 (emphasis added).

In decisions subsequent to *Pearce*, the Supreme Court has clarified that the *Pearce* presumption does "not apply in every case where a convicted defendant receives a higher sentence on retrial" or at re-sentencing. *McCullough*, 475 U.S. at 138. Due process does not forbid a harsher sentence on at resentencing, but only a harsher sentence actually motivated by vindictiveness towards a defendant for exercising his constitutional rights. *Wasman v. United States*, 468 U.S. 559, 568-569 (1984). The Supreme Court has recognized a myriad of circumstances where there was no reasonable likelihood that a more severe sentence upon resentencing was the product of actual vindictiveness and therefore the presumption of vindictiveness did not apply. *See Alabama v. Smith,* 490 U.S. 794 (1989) (sentence imposed after trial greater than sentence previously imposed

18

after guilty plea); *Chaffin v. Stynchcombe*, 412 U.S. 17 (1973) (resentencing by different jury); *Colten v. Kentucky*, 407 U.S. 104 (1972) (resentencing by different court); *Moon v. Maryland,* 398 U.S. 319 (1970) (where defendant concedes vindictiveness played no role in harsher sentence).

The Supreme Court has limited the presumption of vindictiveness to cases where there is a "'reasonable likelihood' that the increase in sentence is the product of actual vindictiveness on the part of the sentencing authority." *Smith*, 490 U.S. at 799 (quoting *United States v. Goodwin,* 457 U.S. 368, 373 (1982)). As the Supreme Court explained in *Smith*, "The *Pearce* presumption was not designed to prevent the imposition of an increased sentence on retrial [or re-sentencing] 'for some valid reason associated with the need for flexibility and discretion in the sentencing process.'" 490 U.S. at 799 (quoting *Chaffin v. Stynchcombe,* 412 U.S. 17, 25 (1973)). Because the presumption "may operate in the absence of any proof of an improper motive and thus . . . block a legitimate response to criminal conduct," *Goodwin,* 457 U.S. at 373, its application has been limited to situations where there is a "reasonable likelihood" that the increase in sentence is the product of actual vindictiveness on the part of the sentencing judge. *See Smith,* 490 U.S. at 799. "Where there is no such reasonable likelihood, the burden remains upon the defendant to prove actual vindictiveness." *Id.* at 799-800 (citing *Wasman v. United States,* 468 U.S. 559, 569 (1984)).

The Ohio Court of Appeals properly and reasonably concluded that the record failed to demonstrate a "reasonable likelihood of vindictiveness" or actual vindictiveness in this case. The sentencing court justified the two-year increase in petitioner's sentence based on the removal of the constraint imposed by *Bruce I* which limited the judge's discretion to impose maximum sentences in the original sentencing proceeding. At the first sentencing hearing, the judge explained her rationale for imposing a maximum term of five years imprisonment on each of the merged counts.

19

(Doc. 10, Exh. 38, Feb. 4, 2005, Tr. 642-646).  At the second sentencing hearing held six days later

due to the intervening decision in *Bruce I*, the judge explained on the record:

> In light of State vs. Bruce, I'm not going to impose the maximum term that I
> imposed last Friday.  I do find I am bound by State vs. Bruce, and that portion of the
> Ohio Revised Code is unconstitutional.  But I will state, for the record, as I did at the
> time of the original sentencing, that if it were not for the case of State vs. Bruce, I
> would have imposed the maximum prison term in this case on the felonies of the
> third degree, and the reasons are as follows:   As I stated at the time of the first
> sentencing hearing, this is Mr. Haverland's fourth young male victim.  Mr.
> Haverland has been convicted of importuning in 1975, and two counts of gross
> sexual imposition in the early 1980s.
>
> In this case he took advantage of his nephew and their relationship.  The victim was
> a vulnerable victim.  Also, as I found at the hearing to determine his sexual
> classification, the Static 99 test placed Mr. Haverland in the moderate to high risk of
> re-offending.  And I find that all of those factors indicate that he does pose the
> greatest likelihood of future offenses, and also that this is the worst form of the
> offense.
>
> As I said, were it not for State vs. Bruce, I would impose the maximum prison term.

(Doc. 10, Exh. 38, Feb. 10, 2005, Tr. 666-668).

> On resentencing after the *Foster*-remand, the sentencing judge stated:
>
> Mr. Haverland was initially -- when he was initially sentenced I sentenced him to a
> total of 10 years in the Ohio Department of Corrections.  I then resentenced him on
> February 10th of 2005, and noted at that time that if it were not for the case of State
> vs. Bruce, which was a binding First District Court of Appeals case, I would have
> imposed the maximum sentence of five years on each of the counts instead of the
> four years that I gave.  I was constrained at the time by State vs. Bruce which bound
> me to impose a sentence less than the maximum sentence.
>
> I did state at that time that I would impose the maximum sentence in this case if it
> were not for that case.  This is not Mr. Haverland's first conviction.  He has a prior
> conviction and he has prior sexually related convictions that also involved young
> boys.
>
> Considering all of the information available, and considering the purposes and
> principles of sentencing, I do find as I found at the time of the original sentence that
> the five years on each count is an appropriate sentence . . .  for a total of 10 years.

20

(Doc. 14, Jan. 18, 2007 resentencing transcript at 8-10).

The record establishes that as of the date of the original sentencing hearing, the sentencing judge intended to impose the maximum sentence of five years on each of the merged counts for a total of ten years. The eight-year sentence that was actually imposed was the product of the legal constraint imposed by the First District Court of Appeals' decision in *Bruce I*. The *Foster* severance remedy effectively overruled *Bruce I's* sentencing constraint[4] and constitutes a legal event subsequent to the first sentencing which justified the judge's action in this case. On resentencing after the *Foster*-remand, the *Bruce I* constraint was removed by the *Foster* severance remedy and the sentencing judge had the freedom to simply reimpose the sentence she believed was warranted all along, *i.e.*, the maximum of five years imprisonment on each merged count for a total of ten years. Given that an objective, non-vindictive reason for the increase in petitioner's sentence affirmatively appears in the record, there is no reasonable likelihood that the sentence was based on actual vindictiveness. Consequently, the presumption of vindictiveness does not apply in this case.

Petitioner nevertheless argues that the plain language of *Pearce* requires the sentencing court to identify specific "conduct" on the part of the petitioner occurring after the original sentencing to justify a more severe term of imprisonment. *Pearce*, 395 U.S. at 726 (reasons posited by a court for imposing a more severe sentence "must be based upon objective information concerning identifiable conduct on the part of the defendant occurring after the time of the original sentencing proceeding."). However, the Supreme Court subsequently acknowledged the "ambiguity" generated

---

[4]As relief for the imposition of an unconstitutional maximum sentence, the Ohio Court of Appeals in *Bruce I* reduced the defendant's sentence from the 10-year maximum to a 9-year sentence–the sentence justified by the record without additional findings of fact. The Supreme Court reversed this portion of *Bruce I* and remanded for sentencing consistent with *Foster*. *See* 109 Ohio St.3d 313, 847 N.E.2d 1174 (2006).

21

by this language in *Pearce* and clarified the Court "did not intend to confine the sentencing

authority's consideration to 'conduct' occurring subsequent to the first sentencing proceeding."

*Wasman v. U.S.,* 468 U.S. 559, 571 (1984).  The Supreme Court later explained:

> Nothing in *Pearce* is to be read as precluding a rebuttal of intimations of
> vindictiveness.  As we have explained, *Pearce* permits "a sentencing authority [to]
> justify an increased sentence by affirmatively identifying relevant conduct or events
> that occurred subsequent to the original sentencing proceedings." *Wasman,* 468 U.S.,
> at 572; see also *id.,* at 573 (Powell, J., concurring in part and concurring in
> judgment).  This language, however, was never intended to describe exhaustively all
> of the possible circumstances in which a sentence increase could be justified.
> Restricting justifications for a sentence increase to *only* "events that occurred
> subsequent to the original sentencing proceedings" could in some circumstances lead
> to absurd results.

*McCullough*, 475 U.S. at 141 (emphasis in the original).  The Supreme Court concluded that any

objective information could justify the increased sentence. *Id.* at 142-43.  The change in Ohio's

sentencing statute rendered by *Foster* after petitioner's first sentencing provided the objective basis

for the sentencing judge's decision to impose a ten year sentence.

    In the absence of any presumption of vindictiveness in this case, petitioner bore the burden

of proving actual vindictiveness on the part of the sentencing court on remand for re-sentencing.

*Smith,* 490 U.S. at 799-800 (citing *Wasman,* 468 U.S. at 569); *Rodgers,* 278 F.3d at 604.

Petitioner has neither alleged nor proven actual vindictiveness in this case as the Ohio courts

reasonably concluded.

    The fact that the sentencing judge reimposed the same five-year prison term on each merged

offense that was initially intended but precluded by *Bruce I* does not demonstrate that the sentencing

judge was acting vindictively to punish petitioner for his successful appeal of his sentence.  When

the Court of Appeals remanded the case for re-sentencing in light of *Foster*, the sentencing court

had more freedom to impose consecutive, non-minimum and even maximum prison terms because it was no longer required to make certain statutory findings to support those harsher sentences.[5] *Cf. United States v. Singletary,* 458 F.3d 72, 77 (2nd Cir.) (declining to apply presumption of vindictiveness or to find actual vindictiveness when the district court increased a sentence on remand based on the Supreme Court's intervening decision in *United States v. Booker,* 543 U.S. 220 (2005), which rendered the previously mandatory federal sentencing guidelines advisory only), *cert. denied,* 549 U.S. 1047 (2006).[6] The change in law effected by *Foster,* which freed the court to exercise its discretion to impose a sentence it deemed appropriate, as well as the trial court's reasonable explanation for re-sentencing petitioner to the maximum term of imprisonment the court intended to impose from the beginning, remove any suggestion of vindictiveness in this case.

Accordingly, the undersigned concludes that the Ohio courts' determination that the post-*Foster* resentencing was not a product of vindictiveness in violation of due process is neither is contrary to nor involves an unreasonable application of clearly established federal law as determined by the United States Supreme Court. Petitioner, therefore, is not entitled to habeas relief based on the claim alleged in Ground One of the petition.

---

[5]As explained above, the *Foster* court adopted the approach taken by the Supreme Court in *United States v. Booker,* 543 U.S. 220 (2005), to remedy the constitutional violation posed by the mandatory application of the federal sentencing guidelines after the Court's decision in *Blakely v. Washington,* 542 U.S. 296 (2004). Under the remedy utilized in *Booker* to correct the constitutional infirmity, the *Blakely*-offending portions of Ohio's sentencing statute were severed and the trial courts were given "full discretion to impose a prison sentence within the statutory range" without having to make findings or give reasons for imposing maximum, consecutive, or more than minimum sentences. *See Foster,* 845 N.E.2d at 494-98.

[6]*See also United States v. Williams,* 444 F.3d 250, 254 (4th Cir. 2006) (and cases cited therein) (holding that "there is no vindictiveness in a post-*Booker* sentence that exceeds the original pre-*Booker* sentence solely because *Booker* changed the law"), *cert. denied,* 127 S.Ct. 3042 (2007); *United States v. Reinhart,* 442 F.3d 857, 860-61 (5th Cir.) (and case cited therein) ("There is no need to find vindictiveness in a longer sentence that has its basis in the trial court's newly expanded sentencing authority."), *cert. denied,* 549 U.S. 856 (2006); *United States v. Bad Marriage,* 439 F.3d 534, 539 (9th Cir.), *cert. denied,* 548 U.S. 916 (2006).

## IT IS THEREFORE RECOMMENDED:

1. Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) should be DENIED with prejudice.

2. A certificate of appealability should not issue with respect to the petition because petitioner has failed to make a substantial showing of the denial of a constitutional right based on the claims alleged therein. *See* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

3. The Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith" and, therefore, DENY petitioner leave to proceed on appeal *in forma pauperis* upon a showing of financial necessity. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).

Date: 8/17/10

Timothy S. Hogan
United States Magistrate Judge

24

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

WILLIAM HAVERLAND,                              Civil Action No. 1:09-cv-520
    Petitioner,

                                                  Dlott, J.
    vs.                                          Hogan, M.J.

WARDEN, CHILLICOTHE
CORRECTIONAL INSTITUTION,
    Respondent.

**NOTICE**

Attached hereto is a Report and Recommendation issued in the above-entitled habeas corpus action. Pursuant to Fed. R. Civ. P. 72(b), which may be applied in this action under Rules 1 and 11 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254, any party may object to the Magistrate Judge's Report and Recommendation **within 14 days** after being served with a copy thereof. Such party shall file with the Clerk of Court and serve on all other parties written objections to the Report and Recommendation, specifically identifying the portion(s) of the proposed findings, recommendations, or report objected to, together with a memorandum of law setting forth the basis for such objection(s). Any response by an opposing party to the written objections shall be filed **within 14 days** after the opposing party has been served with the objections. *See* Fed. R. Civ. P. 72(b). A party's failure to make objections in accordance with the procedure outlined above may result in a forfeiture of his rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

25